**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4633**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH PLUMMER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:07-cr-00004-FL)

Submitted: February 20, 2008          Decided:  March 3, 2008

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Joseph Plummer pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2007). On appeal, counsel has filed an <u>Anders</u>[*] brief, noting that Plummer waived the right to appeal his sentence and, thus, that there are no meritorious issues for appeal. In the event this court invalidates the waiver, counsel asserts that Plummer's sentence is unreasonable because the district court used the 100:1 crack-to-powder-cocaine ratio in determining Plummer's base offense level. Plummer was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal based upon Plummer's waiver of appellate rights. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. <u>United States v. Amaya-Portillo</u>, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

(4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Plummer knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issue raised on appeal falls within the scope of the waiver. See id. at 169-70 (holding that waiver of right to appeal in plea agreement accepted before decision in United States v. Booker, 543 U.S. 220 (2005), was not invalidated by change in law). We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude correction of any errors in Plummer's convictions that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy leads us to conclude that the magistrate judge fully complied with the mandates of Rule 11 in accepting Plummer's guilty plea on each count and that the magistrate judge and the district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and affirm the convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver.  We therefore affirm Plummer's convictions and dismiss the appeal of his sentence.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>